# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| INTELLIGENT MANAGEMENT SOLUTIONS, LLC d/b/a IMS EXPERTSERVICES, 4400 Bayou Boulevard, Suite 6 Pensacola, Florida 32503, | : : : : | CIVIL ACTION NO: |
| Plaintiff, | : | JUDGE: |
| v. | : | JURY TRIAL REQUESTED |
| SAMUEL S. WEISER, 235 North Paulina Street, Suite 35 Chicago, Illinois 60612, | : : : | |
| Defendant. | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Intelligent Management Solutions, LLC d/b/a IMS ExpertServices ("IMS"), by and through its undersigned counsel, and for its Complaint against Defendant Samuel S. Weiser ("Mr. Weiser" or "Defendant"), hereby alleges and states as follows:

1. At all times relevant hereto, Plaintiff IMS was and is a limited liability company organized under the laws of the State of Florida, having its principal place of business in Pensacola, Florida. Plaintiff IMS was and is in the business of providing consulting services to consumers.

2. At all times relevant hereto, there was a single member of said limited liability company, namely, Expert Holdings, LLC, which is a limited liability company organized under the laws of the State of Texas and having its principal place of business in Texas. Further, at all times relevant hereto, Expert Holdings, LLC, consisted of two members, IMS Blocker, Inc., which owns 80% of Expert Holdings, LLC, and IMS HoldcoFL, Inc., both being corporations organized

under the laws of the State of Florida. Said entities are the only members of Expert Holdings, LLC.

3. Accordingly, all entities pertaining to Plaintiff IMS, including its members, holding companies, and related entities, are citizens of the States of Texas or Florida and have their principal place of business in Texas and/or Florida, and/or are domiciled in the States of Texas and/or Florida.

4. At all times relevant hereto, Defendant Samuel S. Weiser was and is a citizen of the State of Illinois, residing in Cook County, Illinois.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, including any members of Plaintiff limited liability company, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6. This Court has personal jurisdiction over Defendant as he conducts business and is a resident within the State of Illinois, subjecting it to suit in the State.

7. Venue is proper under 28 U.S.C. § 1391 because Defendant is a citizen of the State of Illinois, and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

8. Prior to October 3, 2019, Defendant had contracted with IMS to perform certain expert witness consulting services in association IMS's business. As a result, Defendant's banking account information was contained within IMS's electronic databases.

9. On or about October 3, 2019, due to a clerical error, Plaintiff mistakenly wired One Hundred Forty-Six Thousand Seven Hundred and Eighty-Seven Dollars and Twenty-Four Cents ($146,787.24) to a bank account operated by Defendant in Winnetka, Illinois. Defendant was not

entitled to said funds, and said funds had no relationship to any work performed by Defendant in any matter in which IMS was involved.

10. Upon discovery of the mistaken transfer, a representative for Plaintiff informed Defendant of the error and requested that the funds be returned. *See Exhibit A, December 27, 2019 Email*.

11. After Plaintiff made numerous additional requests for return of these funds, Defendant ultimately informed Plaintiff that the funds from the mistaken transfer had already been expended. Defendant had no justification or legal entitlement to utilize the mistakenly transferred funds.

12. Defendant admitted his debt to Plaintiff, agreeing to a quarterly repayment schedule to compensate Plaintiff in the amount of One Hundred Forty-Six Thousand Seven Hundred and Eighty-Seven Dollars and Twenty-Four Cents ($146,787.24). *See Exhibit B, April 29, 2020 Letter Agreement and Acknowledgement of Defendant*. Said schedule required Defendant to pay Plaintiff $25,000.00 in four (4) installments of $25,000.00; one (1) installment of $15,798.74; and the remaining balance to be addressed through a "set off" of monies owed by IMS to Defendant for expert consulting services provided by Defendant to an IMS client.

13. On or about May 15, 2020, Defendant paid $25,000.00 of his acknowledged debt to Plaintiff via wire transfer.

14. On or about September 22, 2020, Defendant paid $15,000.00 of his acknowledged debt to Plaintiff via wire transfer. Said payment was $10,000.00 less than the agreed-upon schedule of payments.

15. After Plaintiff granted Defendant an extension of time to make additional payments, Defendant's next scheduled payment was due on November 16, 2020, but was not

received by Plaintiff. All subsequent attempts by Plaintiff to communicate with and obtain payment from Defendant have proven unsuccessful. *See Exhibit C, November 12, 2020 and December 9, 2020 Letters to Defendant.*

16. When accounting for the aforementioned "set off" as agreed to by Defendant, Defendant's outstanding amount owed to Plaintiff totals $75,798.74 as of the filing of this motion.

## COUNT I: CONVERSION

17. Plaintiff IMS hereby incorporates Paragraphs 1 through 16 of the Complaint as Paragraphs 1 through 17 of Count I of the Complaint, as if fully set forth herein.

18. Plaintiff IMS had a right to the One Hundred Forty-Six Thousand Seven Hundred and Eighty-Seven Dollars and Twenty-Four Cents ($146,787.24) it mistakenly transferred Defendant's bank account on or about October 3, 2019.

19. Following the mistaken transfer of said funds to Defendant, Plaintiff IMS had an absolute and unconditional right to the immediate return and possession of these funds.

20. Defendant wrongfully and without authorization assumed control, dominion, and/or ownership over the funds, namely, in failing to return all of said funds immediately to Plaintiff and, instead, utilizing said funds for his own personal purposes.

21. Defendant acknowledged his conversion and the resulting debt on or about May 14, 2020, making an initial payment of $25,000.00 to Plaintiff on or about May 15, 2020, and a subsequent payment of $15,000.00 on September 22, 2020.

22. Following September 22, 2020, Plaintiff made several demands for the outstanding converted funds, but Defendant failed and refused to return those funds, and his remaining debt to Plaintiff totals at least $75,798.74.

23. Plaintiff has sustained additional damages as a result of Defendant's commission of the tort of conversion, including compensatory damages, attorneys' fees, interest, and costs.

## COUNT II: BREACH OF CONTRACT

24. Plaintiff IMS hereby incorporates Paragraphs 1 through 23 of the Complaint as Paragraphs 1 through 24 of Count II of the Complaint, as if fully set forth herein.

25. On or about May 14, 2020, Plaintiff and Defendant entered into an agreement whereby Defendant would pay Plaintiff in four (4) installments of $25,000.00; one (1) installment of $15,798.74; and the remaining balance of Defendant's acknowledged debt to be addressed through a "set off" of monies owed by IMS to Defendant for expert consulting services provided by Defendant to an IMS client.

26. Plaintiff has performed all of its obligations under the parties' Agreement.

27. Defendant has materially breached the parties' Agreement by failing to remit funds to Plaintiff as covenanted, specifically, by failing to pay Plaintiff quarterly payments at the parties' agreed-upon intervals.

28. As a result, Plaintiff has been damaged by Defendant's breach of contract, including, but not limited to, damages as set forth in this Complaint, in the amount of $75,798.84.

WHEREFORE, Plaintiff IMS respectfully requests judgment in its favor and against Defendant for compensatory damages in the amount of $75,798.74, plus pre-judgment and post-judgment interest at the prevailing statutory rate, incurred attorneys' fees, costs, future attorneys' fees associated with the enforcement of any judgment in this action, court costs, and any additional relief to which Plaintiff may be entitled.

## JURY DEMAND

A trial by jury is hereby demanded.

Respectfully submitted,

_____
Brian P. Henry, Esq. (89069)
ROLFES HENRY CO., LPA
5577 Broadcast Court
Sarasota, Florida 34240
Phone: (941) 684-0100
Fax:    (941) 684-0109
Service: bhenry@rolfeshenry.com
             srainwater@rolfeshenry.com

*Attorney for Plaintiff*
*Intelligent Management Solutions, LLC*